1  **OMAR A. SIDDIQUI, ESQ. (SBN. 213581)**
2  **JONATHAN C. HATFIELD, ESQ. (SBN. 292198)**
   **ULWELLING | SIDDIQUI LLP**
3  Park Tower, Suite 700
   695 Town Center Drive
4  Costa Mesa, California 92626
   Telephone:  (714) 384-6650
5  Facsimile: (714) 384-6651
   osiddiqui@usllp.com
6  jhatfield@usllp.com

7

8  Attorneys for Counterdefendant,
   **ROEN KRAFT**
9

10

11                 **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

13
   TOPAZ TECHNOLOGY, INC.,              CASE NO.  SACV13-02015 GHK (RNBx)
14
                          Plaintiff,    Hon. George H. King
15
        v.                              **COUNTERDEFENDANT ROEN**
16                                       **KRAFT'S NOTICE OF MOTION AND**
   EON REALITY,  INC.,                   **MOTION TO DISMISS**
17                                       **COUNTERCLAIMANT EON REALITY,**
                          Defendant.    **INC.'S COUNTERCLAIM;**
18                                       **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES IN SUPPORT**
19 ─────────────────────────────        **THEREOF; DECLARATION OF ROEN**
   EON REALITY, INC.,                    **KRAFT**
20
                          Counterclaimant,  **[F.R.C.P. 12(b)(2), 12(e)]**
21
        v.
22
   TOPAZ TECHNOLOGY, INC.; MICHAEL
23 ECKSTEIN; ROEN KRAFT a/k/a TIMOTHY
   ROEN KRAFT a/k/a T. ROEN KRAFT.       Hearing Date: May 19, 2014
24                                        Time: 9:30 A.M.
                          Counterdefendants.  Courtroom: 650
25
                                         Complaint filed: December 30, 2013
26

27

28

─────────────────────────────

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 19, 2014, at 9:30 a.m., at the Edward R. Roybal Federal Building and United States Courthouse,  located at 255 East Temple Street Los Angeles, California 90012,   Counterdefendant ROEN KRAFT a/k/a TIMOTHY ROEN KRAFT a/k/a T. ROEN KRAFT (hereinafter, "KRAFT") by and through its undersigned counsel, will and hereby does move this Court to dismiss Counterclaimant EON REALITY, INC.'s (hereinafter, "EON" or "Counterclaimant") Counterclaim as it pertains to KRAFT.

KRAFT moves to dismiss EON's Counterclaim pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(2) for lack of personal jurisdiction. (FRCP Rule 12(b)(2)).  KRAFT will also move this Court to dismiss the Counterclaim in that Counterclaimant lacks standing to sue under Article III of the U.S. Constitution or, in the alternative, for a more definitive statement under FRCP Rule 12(e).

These Motions are made upon the following grounds:

(1)     Counterclaimant has failed to and cannot plead any valid theory of personal jurisdiction or otherwise plead facts to establish personal jurisdiction over KRAFT in this matter;

(2)     Counterclaimant does not have proper standing to sue KRAFT;

(3)     Counterclaimant has failed to provide sufficient facts to allow Counterdefendant KRAFT to prepare a response; and

(4)     Counterclaimant's allegations are vague and ambiguous.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 15, 2014.

///
///
///
///
///

1

This motion is based upon this Notice, the attached Memorandum of Points and Authorities,

2

the Declaration of ROEN KRAFT, the attached exhibit, all pleadings and papers on file in this

3

action, and upon other oral and/or documentary evidence as may be presented at the hearing of this

4

matter.

5

6

Dated: April 15, 2014

Respectfully submitted,

7

**ULWELLING | SIDDIQUI LLP**

8

9

10

By: _____

11

**OMAR A. SIDDIQUI, ESQ.**
**JONATHAN C. HATFIELD, ESQ.**

12

Attorneys for Counterdefendant
**ROEN KRAFT**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Counterdefendant ROEN KRAFT ("KRAFT") is domiciled in the State of Texas, does not conduct business within the State of California, owns no property or other assets within the State of California, and has no other contacts with the State of California. Counterclaimant EON attempts to hail KRAFT into court in the State of California, naming KRAFT as Counterdefendant under EON's Fourth Cause of Action in its Counterclaim for civil conspiracy. KRAFT is not subject to personal jurisdiction in the State of California. KRAFT was not personally served in California, is not domiciled in California, nor has he consented to California jurisdiction. (Declaration of Roen Kraft, ¶ 5). EON does not plead in its Counterclaim any basis for the court to exercise personal jurisdiction over KRAFT within the State of California.

There exists no meaningful connection between EON and KRAFT. The only connection between EON and KRAFT, if any exists, results from the conduct of business by Nations, LLC (hereinafter, "Nations"), a Wyoming limited liability company of which KRAFT is the managing member. Nations is not named as a counterdefendant in this action. EON's apparent attempt to impute the conduct of Nations onto KRAFT is completely without merit, and should fail.

Finally, EON has not alleged any specific conduct committed by KRAFT and has not pled any facts that would subject KRAFT to liability for civil conspiracy.

### II.  STATEMENT OF FACTS

On December 30, 2013, the original Complaint in this matter was filed by Plaintiff TOPAZ TECHNOLOGY (hereinafter, "TOPAZ") against Defendant EON. On February 7, 2014, EON filed a Counterclaim against Counterdefendants TOPAZ, MICHAEL ECKSTEIN, and KRAFT, seeking relief on four causes of action. The only cause of action naming KRAFT – and the only cause of action at issue here – is the Fourth Cause of Action for civil conspiracy.

KRAFT resides in and is domiciled in the State of Texas. (Declaration of Roen Kraft, ¶ 1.) KRAFT is not domiciled within the State of California, has not consented to jurisdiction within the State of California, and was not served within the State of California. (Declaration of Roen Kraft, ¶ 5.) EON originally attempted to serve its Counterclaim on KRAFT at the business address of

1  Nations in Cheyenne, Wyoming. EON ultimately personally served KRAFT on or about March 25,

2  2014, while KRAFT was stopped at a traffic signal at the intersection of Lake Robbins and Six

3  Pines Drive in Spring, Texas. A true and correct copy of the proof of service, showing the manner of

4  service, is attached hereto as **Exhibit A**. KRAFT has no property or assets within the State of

5  California, nor does KRAFT have intention to acquire any such property or assets within the State

6  of California. (Declaration of Roen Kraft, ¶ 4.) KRAFT has conducted no personal business with

7  EON, or with any other California entity. (Declaration of Roen Kraft, ¶ 3-4.)

8       KRAFT is the managing member of Nations, a Wyoming limited liability company with its

9  principal place of business in the State of Wyoming. (Declaration of Roen Kraft, ¶ 6.) Nations has a

10  Wyoming headquarters, Wyoming business address, and Wyoming telephone number.  (*Ibid.*)

11  Nations has no offices or representatives within the State of California. (*Ibid.*) Other than the

12  activity mentioned herein, Nations conducted no other business related to the State of California.

13  (See Declaration of Roen Kraft.)

14       On or about December 21, 2012, KRAFT met with Dan Lejerskar, Chairman of EON, in

15  Houston, Texas. On or about January 23, 2014, EON and Nations executed an "Exclusive

16  Distributor Agreement" (hereinafter, the "Agreement"). (Declaration of Roen Kraft, ¶ 6). The main

17  purpose of the Agreement was for Nations to facilitate the distribution of EON's products in the

18  United Arab Emirates ("U.A.E.") and other locations in the Middle East and North Africa.

19  (Declaration of Roen Kraft, ¶ 8). On or about May 31, 2013, the parties amended the Agreement by

20  executing an "Amended and Restated Exclusive Distributor Agreement" (collectively with the first

21  Agreement, the "Agreements"). (Declaration of Roen Kraft. ¶ 7). KRAFT visited California on two

22  sporadic occasions in 2013 to meet with Mr. Lejerskar. (Declaration of Roen Kraft, ¶ 9.) KRAFT

23  did so in his capacity as managing member of Nations. (*Ibid.*) All agreements and discussions with

24  Mr. Lejerskar and Eon Reality were solely with respect to, and for the benefit of, Nations, LLC.

25  (*Ibid.*)

26       The Agreements between Nations and EON contain the following provisions, among others: (1)

27  a choice of law provision, requiring actions arising under the Amended Agreement to be filed in

28  Wyoming; (2) an arbitration clause, requiring disputes arising under the Amended Agreement to be

1  submitted to arbitration in Wyoming; and (3) an attorneys' fees clause awarding attorneys' fees to

2  the prevailing party in any action arising under the Amended Agreement. (Declaration of Roen

3  Kraft, ¶ 10).

4  **III. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER KRAFT.**

5      Personal jurisdiction over the parties is *necessary* whenever a judgment sought would

6  impose an obligation – whether by monetary payment or injunction – on a defendant personally.

7  (See *Pennoyer v. Neff* (1877) 95 U.S. 714, 720-722.)  A judgment rendered where such jurisdiction

8  is lacking is a violation of the United States Constitution's due process rights afforded to every

9  citizen.  Because Counterclaimant has invoked the jurisdiction of this Court, Counterclaimant bears

10  the burden of proving that this Court has jurisdiction over KRAFT.  (*Rio Properties, Inc. v. Rio Int'l*

11  *Interlink* (2002) 284 F.3d 1007, 1019.)  EON's Counterclaim fails to assert either a theory of

12  personal jurisdiction over KRAFT or sufficient facts to support any potential theory of personal

13  jurisdiction.  Instead, the only jurisdictional statement made in the Counterclaim is the bare-boned

14  and conclusory assertion that "[t]his Court has jurisdiction over the claims…" [Counterclaim ¶ 1].

15      In order to show personal jurisdiction over KRAFT, Counterclaimant must establish that (1)

16  California's long-arm statue confers personal jurisdiction over KRAFT; and (2) that the exercise of

17  jurisdiction over KRAFT complies with constitutional due process principles.  (*Rio Properties,*

18  *supra,* 284 F.3d at 1019.)  California's long-arm statute permits its courts to exercise jurisdiction to

19  the same extent as the United States Constitution.   (C.C.P. § 410.10.)    Accordingly,

20  Counterclaimant must show that the constitutional due process principles are satisfied by hailing

21  KRAFT into court in the State of California.  Counterclaimant did not and cannot make any such

22  allegations, because such allegations would be inaccurate. Forcing KRAFT to defend himself in this

23  Court offends the traditional notions of fair play and substantial justice.

24      Personal jurisdiction can be established by various traditional methods of establishing

25  jurisdiction, such as: (1) service within the forum state, (2) domicile, or (3) consent.  None of these

26  methods are satisfied here: (1) KRAFT was not served within California, he was served while

27  stopped at a traffic light in Spring, Texas; (2) KRAFT is not domiciled in California, he is

28  domiciled in Texas; and (3) KRAFT has not consented to jurisdiction in California. Accordingly,

**MEMORANDUM OF POINTS AND AUTHORITIES**

1    Counterclaimant cannot establish personal jurisdiction under these traditional theories of personal

2    jurisdiction.

3          Personal jurisdiction can also be established where a defendant's contacts with the forum

4    state are systematic and continuous. (*Perkins v. Benguet Consolidated Mining Co.* (1952) 342 U.S.

5    437, 445.) This is known as general jurisdiction.  Here, defendant KRAFT does not have <u>systematic</u>

6    <u>and continuous</u> contacts with the forum state of California.   (See Declaration of Roen Kraft.)

7    Accordingly, it will upset the traditional notions of fair play and substantial justice to cause KRAFT

8    to be hailed into court in California and defend himself.

9          Specific personal jurisdiction is only be proper if: (1) a defendant performed some act or

10   transaction within California by which that defendant purposefully availed itself of the privilege of

11   conducting business in California; (2)  Counterclaimant's claims arise out of or result from that

12   defendant's specific forum-related activities; AND (3) the exercise of jurisdiction over that

13   defendant would be reasonable. (*Rio Properties, supra,* 284 F.3d at 1019 citing *Burger King Corp.*

14   *v. Rudzewicz* (1985) 471 U.S. 462, 475; See also *International Shoe Co. v. Washington* (1945) 326

15   U.S. 310.) Exercising personal jurisdiction over KRAFT would not satisfy any prongs of this multi-

16   faceted test.

17         KRAFT has had no personal dealings, either directly or indirectly, with the State of

18   California. The only remote connection between KRAFT and the State of California is Nations'

19   limited business dealings with EON. Even assuming that Nations would be subject to jurisdiction in

20   California, the mere fact that a corporation or other entity is subject to local jurisdiction does not

21   mean its nonresident officers, directors, agents, or employees are suable locally. (See *Calder v.*

22   *Jones* (1984) 465 US 783, 790; See also *International Shoe, supra,* 326 U.S. at 319).

23         "A corporate officer who has contact with a forum only with regard to the performance of

24   his official duties is not subject to personal jurisdiction in that forum." (*Forsythe v. Overmyer*

25   (1978) 576 F.2d 779, 783-84.) The "fiduciary shield doctrine" *buffers nonresident corporate*

26   *directors from personal jurisdiction where official acts were the only contact with the forum state.*

27   (*Grober v. Mako Products, Inc.* (2012) 686 F3d 1335, 1347 (Emphasis added).) This buffer extends

28   not only to corporate directors, but to also to employees, partners, and members. (See *Sher v.*

1  *Johnson* (1990) 911 F.2d 1357, 1366 ("partners" and "members"); See also *Calder*, 465 US at 790

2  ("employees"). The Judicial Council of California also recognizes the independence of liability and

3  jurisdiction between members and LLCs, and partnerships and partners, respectively. In its

4  commentary to California's personal jurisdiction statute, the Council states:

5  > A judgment rendered against [a] partnership or association will bind the joint property or

6  > assets. *But a judgment may not be rendered against a partner or member individually unless*

7  > *he is subject to the jurisdiction of the state on one [or] more of the currently recognized*

8  > *bases [of jurisdiction over individuals]* and he is properly served with process.

9  > Cal. Code Civ. Pro § 410.10, Judicial Council Comment (Bases of Judicial Jurisdiction over

10 > Partnerships and Other Unincorporated Associations (1989) (Emphasis added).)

11 The "fiduciary shield doctrine" is not an absolute bar against the imposition of jurisdiction, but it

12 requires individual directors, officers, and/or members of business entities to independently

13 purposely avail themselves to the forum state and therefore independently possess sufficient

14 minimum contacts with the forum state in order to be subject to personal jurisdiction in that state.

15 (See *Calder, supra*, 465 US at 790). <u>KRAFT has not done so</u>.

16      No other theories of personal jurisdiction exist under which California could exercise

17 personal jurisdiction over KRAFT. Notably, Counterclaimant may not subject KRAFT to personal

18 jurisdiction under a conspiracy theory. "The conspiracy theory of personal jurisdiction is based on

19 the time honored notion that the acts of a conspirator in furtherance of a conspiracy may be

20 attributed to the other members of the conspiracy." (*Textor v. Board of Regents of Nothern Ill. Univ.*

21 (1983) 711 F2d 1387, 1392.)  Even under this theory, more than a bare allegation of conspiracy is

22 required to establish personal jurisdiction: generally, an awareness of the connection to the forum

23 state by the conspirator and a substantial act performed in furtherance of the conspiracy by the

24 conspirator is required. (*Ibid*; See *Second Amendment Found v. United States Conference of Mayors*

25 (2001) 274 F3d 521, 524.) Most importantly, a conspiracy theory of liability requires the existence

26 of supporting local state law, but California courts have held that allegations of conspiracy with a

27 local defendant are insufficient to establish California jurisdiction over nonresidents who are alleged

28 to be a part of the conspiracy: "Personal jurisdiction must be based on forum-related acts that were

1   *personally committed* by each nonresident defendant. The purposes and acts of one party—even an

2   alleged coconspirator—*cannot be imputed to a third party to establish jurisdiction over the third*

3   *party defendant.*" (*In re Automobile Antitrust Cases I & II* (2005) 135 CA4th 100, 113 (Emphasis

4   added).)

5       As discussed above, Counterclaimant does not even attempt to plead facts sufficient to

6   establish personal jurisdiction over KRAFT.  In light of the foregoing, Counterdefendant KRAFT

7   respectfully requests that in accordance with Federal Rule of Civil Procedure 12(b)(2), this Court

8   dismiss Counterclaimant's Fourth Cause of Action for civil conspiracy, as it relates to KRAFT. This

9   Court does not have jurisdiction over KRAFT.

10   **IV. <u>COUNTERCLAIMANT DOES NOT HAVE STANDING TO SUE KRAFT</u>.**

11       Counterclaimant does not have standing to bring this suit against KRAFT.  Article III of the

12   United States Constitution requires three requirements be satisfied for a Counterclaimant to have

13   standing: injury, causation and redressability.  Standing exists when a particular claimant is entitled

14   to adjudication of the *particular claims asserted.*  (*Allen v. Wright* (1984) 468 U.S. 737, 753

15   (Emphasis added).)   Here, Counterclaimant has not and cannot satisfy the injury and causation

16   requirements for the claims asserted, and therefore does not have proper standing to sue.

17       In order to satisfy the causation element, there must be a causal connection between the

18   injury and the conduct complained of, *so that the injury is fairly traceable to the challenged action*

19   *of the defendant and not the result of the independent action of some third party who is not before*

20   *the court.* (*Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 559-560 (Emphasis added).)

21   Counterclaimant has not alleged any wrongful conduct by KRAFT.  Any legal disputes, if any, EON

22   may have are with Nations, the party to the Agreements with EON. Nations is not a party to this

23   lawsuit. Therefore, Counterclaimant does not have standing to sue Counterdefendant KRAFT, and

24   KRAFT respectfully requests that this Court dismiss Counterclaimant's Fourth Cause of Action for

25   civil conspiracy as it relates to KRAFT.

26   **V. <u>IN THE ALTERNATIVE, KRAFT DEMANDS A MORE DEFINITIVE</u>**

27   **<u>STATEMENT UNDER F.R.C.P. RULE 12(e)</u>**

28       Federal Rule of Civil Procedure rule 12(e) states that where:

1             "a pleading to which a responsive pleading is permitted is so vague or

2             ambiguous that a party cannot reasonably be required to frame a

3             responsive pleading, the party may move for a more definitive

4             statement before interposing a responsive pleading."

5             (FRCP Rule 12(e).)

6  Here, Plaintiff's allegations are unintelligible in that the allegations refer generally to

7  "counterdefendants" and it makes it impossible to understand what actions are being specifically

8  attributed to KRAFT versus the other counterdefendants.

9        For example, Counterclaimant alleges in its Fourth Cause of Action that it is "informed and

10  believes, that beginning in or about August 2012, Topaz or Eckstein, on the one hand, and Kraft or

11  the remaining counterdefendants, on the other hand, knowingly and willingly conspired and agreed

12  among themselves to defraud Eon…" [Counterclaim ¶ 36]. Aside from this conclusory accusation,

13  Counterclaimant does not plead any facts supporting its allegation that KRAFT engaged in a civil

14  conspiracy.

15        Counterclaimant repeatedly acknowledges that it was Nations, not KRAFT, with whom

16  EON was dealing: "…two separate written agreements between Eon and *Nations*…" [Counterclaim

17  ¶ 14 (emphasis added).]; "…*Nations* would become an exclusive distributor of Eon's products and

18  services…" [Counterclaim ¶ 14 (emphasis added).]; "[t]he second agreement entered into between

19  Eon and *Nations*…." [Counterclaim ¶ 15 (emphasis added).]; "[i]n consideration for Eon's

20  providing equipment…*Nations* would pay…" [Counterclaim ¶ 16 (emphasis added).]; "*Nations* did

21  not make the first 40% payment. [Counterclaim ¶ 17 (emphasis added).]

22        However, when Counterclaimant alleges its Fourth Cause of Action, "Nations" suddenly

23  becomes "Kraft". Nations is not named as a counterdefendant in the Counterclaim. Counterclaimant

24  has hailed KRAFT into court alleging it "conspired" with perhaps unknown parties, for an unknown

25  purpose, by unknown means, causing unknown damages, when the only allegedly actionable

26  conduct alleged in the Counterclaim was purportedly committed by Nations, not KRAFT.

27        In order to properly prepare its defense, KRAFT is entitled to a more definitive statement

28  identifying exactly what conspiring activity it has conducted, with whom that conduct was

-7-

1    conducted, and how that activity has harmed Counterclaimant.  Counterclaimant's prayer for relief
2    also fails to adequately distinguish which relief is being sought against which counterdefendants.  If
3    the Counterclaim is not dismissed for lack of personal jurisdiction or standing, KRAFT respectfully
4    requests that this Court require EON to specifically identify what allegedly wrongful conduct it
5    attributes to KRAFT and what damages it is seeking from KRAFT.

6    **VI. CONCLUSION.**

7          In light of the foregoing, Defendant KRAFT respectfully requests that this Court dismiss
8    EON's Counterclaim as it relates to KRAFT because this Court does not have personal jurisdiction
9    over KRAFT, or in the alternative EON does not have standing to sue.  If this Court determines it
10   cannot dismiss EON's Counterclaim, then KRAFT respectfully requests that EON be required to
11   provide a more definitive statement.

13         Respectfully submitted,

14         DATED: April 15, 2014               **ULWELLING | SIDDIQUI LLP**

16                                    By: _____
17                                         **OMAR A. SIDDIQUI, ESQ.**
                                           **JONATHAN C. HATFIELD, ESQ.**
18                                         Attorneys for Counterdefendant
                                           **ROEN KRAFT**

-8-
MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7

**OMAR A. SIDDIQUI, ESQ. (SBN. 213581)**
**JONATHAN C. HATFIELD, ESQ. (SBN. 292198)**
**ULWELLING | SIDDIQUI LLP**
Park Tower, Suite 700
695 Town Center Drive
Costa Mesa, California 92626
Telephone: (714) 384-6650
Facsimile: (714) 384-6651
osiddiqui@usllp.com
jhatfield@usllp.com

8   Attorneys for Counterdefendant,
9   **ROEN KRAFT**

10

11          **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORIA – WESTERN DIVISION**

13

| | |
|---|---|
| TOPAZ TECHNOLOGY, INC., | CASE NO.  SACV13-02015 GHK (RNBx) |
|                    Counterclaimant, | |
|     v. | **DECLARATION OF COUNTERDEFENDANT ROEN KRAFT IN SUPPORT OF ROEN KRAFT'S MOTION TO DISMISS** |
| EON REALITY,  INC, | |
|                Defendant. | |
| EON REALITY, INC, | |
|                  Counterclaimant, | |
|     v. | |
| TOPAZ TECHNOLOGY, INC.; MICHAEL ECKSTEIN; ROEN KRAFT a/k/a TIMOTHY ROEN KRAFT a/k/a T. ROEN KRAFT. | |
|             Counterdefendants. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-
**DECLARATION OF ROEN KRAFT**

## DECLARATION OF ROEN KRAFT

I, Roen Kraft, declare:

1.  I am an individual, domiciled in the State of Texas, and residing in the State of Texas.

2.  I am a Counterdefendant in the above captioned matter. I have personal knowledge of each fact stated in this declaration and if called upon as a witness I could and would competently testify to the following facts based upon my own personal knowledge.

3.  I have no personal business dealings, either direct or indirect, within the State of California. I moved from California seventeen years ago in 1997. I have no intention of returning to the State of California, nor have I retained any connection with the State of California.

4.  I have no property or assets within the State of California. I have no intention to acquire any such property or assets within the State of California.

5.  I reside in the State of Texas. I am not domiciled in California. I was served with the instant action while stopped at a traffic light at the intersection of Lake Robbins and Six Pines Drive in Spring, Texas. I was not served within the State of California. I have not consented to jurisdiction in the State of California. I have not intentionally subjected myself to individual liability in California. It would be wholly unreasonable to require me to defend against a lawsuit in California.

6.  I am the managing member of Nations, LLC, a Wyoming limited liability company. Nations, LLC is <u>not</u> a defendant in the instant action. Nations, LLC was formed in January 2013 pursuant to the laws of Wyoming. Nations, LLC has a Wyoming headquarters, Wyoming business address, and Wyoming telephone number. Nations, LLC has no offices or representatives in California.

7.  On or about December 21, 2012, I met with Dan Lejerskar, Chairman for Counterclaimant Eon Reality, in Houston, Texas. In or about January 2013, Nations, LLC entered into a written Distributor Agreement with Eon Reality. In or about May 2013, the parties executed an amended Distributor Agreement.

8.  The main purpose of the Distributor Agreement was for Nations, LLC to facilitate the distribution of Eon Reality's products in the United Arab Emirates and other locations in the Middle East and North Africa.

9.     I visited California on two sporadic occasions in 2013 to meet with Mr. Lejerskar, in my capacity as managing member of Nations, LLC. All agreements and discussions with Mr. Lejerskar and Eon Reality were solely with respect to, and for the benefit of, Nations, LLC.

10.     The Distributor Agreement between Nations, LLC and Eon Reality, as amended in or about May 2013, contains the following provisions: (1) a choice of law provision, requiring actions arising under the agreement to be filed in Wyoming; (2) an arbitration clause, requiring disputes arising under the agreement to be submitted to arbitration in Wyoming; and (3) an attorneys' fees clause awarding attorneys' fees to the prevailing party in any action arising under the agreement.

I swear under the penalty of perjury under the laws of the United States that the statements in this declaration are true to the best of my knowledge.

Executed this _12_ day of April, 2014, at _The Woodlands_, Texas.

ROEN KRAFT

# PROOF OF SERVICE
## EON Reality, Inc. v. Topaz Technology, Inc., et al.

**United States District Court (Central District of California - Western Division)
Case No. SACV13-02015 GHK (RNBx)**

I, the undersigned, an employee of ULWELLING | SIDDIQUI LLP, 695 Town Center Drive, Suite 700, Costa Mesa, California 92626, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter, action or proceeding.

On April 15, 2014, I served the foregoing documents, described as:

**"COUNTERDEFENDANT ROEN KRAFT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMANT EON REALITY, INC.'S COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROEN KRAFT; CERTIFICATION AND NOTICE OF INTERESTED PARTIES."**

☐ the original of the document

☒ true copies of the document

in separate sealed envelopes to the addresses of all interested parties herein as follows:

| | |
|---|---|
| Eoin L Kreditor | Thomas E Francis |
| Guido I. Piotti | Law Offices of Thomas E Francis |
| Friedman Stroffe and Gerard PC | 695 Town Centre Drive Suite 700 |
| 19800 MacArthur Blvd Suite 1100 | Costa Mesa, CA 92626 |
| Irvine, CA 92612-2425 | Tel: 714-384-6554 |
| Tel: 949-265-1100 | |
| *Attorneys for* | *Attorneys for* |
| *Defendant/Counter Claimant* | *Defendant/Counter Claimant* |

☒ **BY U.S. MAIL**   I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (*specify one*):
   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **FEDERAL**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 15, 2014, at Costa Mesa, California.

_____
   /s/ Allyson Edge
**Allyson Edge**

PROOF OF SERVICE